NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IVAN D. FOSTER, : <br> : <br> Plaintiff, : <br> : Civil No. 20-00654 (RBK/JS) <br> v. : <br> : **OPINION** <br> JEFFERSON HEALTH, VIRTUA : <br> HEALTH : <br> : <br> Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon *pro se* Plaintiff Ivan D. Foster's Complaint and application to proceed *in forma pauperis* ("IFP") (Doc. No. 1 ("Compl.")). Plaintiff seeks to bring claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.*, and the False Claims Act, 31 U.S.C. § 3729 *et seq*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must review the Complaint to determine if the claims are frivolous, malicious, fail to state a claim, or seek monetary relief against a defendant who is immune from such relief.

The Third Circuit has established a two-step process for deciding applications to proceed IFP. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court must evaluate the litigant's financial status and determine whether he or she is eligible to proceed IFP, and second, the Court must screen the litigant's complaint and determine if it should be dismissed. *See Emerson v. Bridgeport Superior Court, Dist. of Fairfield*, No. 11-2662, 2011 WL 3419514, at *2 (D.N.J. Aug. 3, 2011). In this case, Plaintiff has provided sufficient evidence that he possesses only limited

financial resources and therefore his application to proceed IFP is granted. At the same time, Plaintiff's complaint must be dismissed for failure to state a claim.

"Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013). When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Plaintiff is proceeding *pro se*, his Complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff's Complaint fails to meet this standard because it alleges virtually no facts of any sort. Plaintiff's sole factual allegation is that he is suffering from kidney damage, but he does not indicate what role, if any, Defendants played in causing that damage.[1] (Compl. at ¶ 2). Simply put, Plaintiff has utterly failed to offer the "short and plain statement of the claim" showing entitlement to relief required by Federal Rule of Civil Procedure 8(a). As such, Plaintiff has failed to state a claim under the EMTALA or the False Claims Act. Further, Plaintiff's effort to act as a False

---

[1] Plaintiff did attach a document (Compl. at 3–4) to the Complaint indicating that he received treatment at Jefferson Health on January 4, 2020, but the significance of this document is unclear without additional explanation.

Claims Act relator must fail because *pro se* plaintiffs may not maintain qui tam actions on behalf of the United States. *Gunn v. Credit Suisse Group AG*, 610 F. App'x 155, 157 (3d Cir. 2015).

Plaintiff includes in his Complaint a request that the Court appoint counsel for him so that he can complete the Complaint. (Compl. at ¶ 2). Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel for an indigent plaintiff. But before doing so, the Court must "first consider whether plaintiff's claim 'has some merit in fact and law.'" *Hopkins v. Medio*, No. 12-5134, 2015 WL 4770864, at *2 (D.N.J. Aug. 12, 2015) (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). If the Court finds the claim to have some merit, it must then consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require expert testimony;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997).

Because Plaintiff's Complaint is so skeletal, the Court cannot determine whether Plaintiff's claims have any merit in fact or in law. Without additional explanation of the facts underlying Plaintiff's claims, the Court cannot justify expenditure of the "precious commodity" of "volunteer lawyer time" on this matter. *Id.* at 458. As such, Plaintiff's request for appointed counsel must be denied.

For the reasons set forth above, Plaintiff's application to proceed IFP is **GRANTED**; his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2); and his request for appointed counsel is **DENIED WITHOUT PREJUDICE**.

Dated: 1/29/2020                                       /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge